[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CONFIRM AND MOTION TO VACATE ARBITRATION AWARD WHICH INCLUDED CUTPA CLAIM
On or about May 6, 1992 the arbitrators issued an award disposing of the parties' claims and counterclaims. Although the award did not discuss evidence submitted nor state the reasons supporting the decision rendered, the arbitrators' decision concludes with the following statement:
 The award is in full settlement of all claims and counterclaims presented to the arbitrators including, without limitation, substantive claims, responses and counterclaims, claims for interest to the date of this award, and any claims for violation of the Connecticut Unfair Trade Practices Act. [Emphasis added] The plaintiff has filed a motion to confirm the award.
The defendants have filed an application to vacate the award on the following grounds, namely: 1) that the arbitrators exceeded their authority and violated Conn. Gen. Stat.52-418(a)(4) by attempting to decide their Connecticut Unfair Trade Practices Claim (hereinafter CUTPA) submitted in their counterclaim; 2) that the arbitrators did not issue a memorandum of decision setting out the reasoning which produced the award; and 3) that the arbitrators were not administered the oath required by Conn. Gen. Stat. 52-414(d).[1]
Furthermore, the defendants claim that the court shortened by several days the thirty-day period provided under Conn. Gen. Stat. 52-420 within which they were allowed to file their CT Page 1895 application to vacate the award.
Regarding the CUTPA claim, the question is whether the arbitrators had the authority to decide the CUTPA claim submitted to voluntary arbitration where the opponent of the claim raised doubt about such authority and where the proponents of the CUTPA claim took the position 1) that the arbitrators did have the authority, and 2) that if the arbitrators declined this authority, the proponents would pursue the CUTPA claim through court.[2]
It is crystal clear that the court has a limited function in reviewing a voluntary arbitration award which conforms to the submission. The court is bound by the arbitrator's determination unless that determination clearly falls within the proscriptions of 52-418 of the General Statutes, or procedurally violates the parties' agreement. Costello Construction Corp. v. Teamsters Local 559, 167 Conn. 315,318 (1974). Although our Supreme Court recently stated in Success Centers, Inc. v. Huntington Learning Centers, Inc.,223 Conn. 761 (1992) that it has not decided whether ". . . CUTPA claims are not properly arbitrable . . ." inasmuch as they should be decided in civil actions, Id. at 773, this court finds that the defendant's voluntary submission of the CUTPA claim provided the arbitrators with sufficient authority to determine it. see Waterbury Board of Education v. Waterbury Teachers Association,168 Conn. 54 (1975). Furthermore, the CUTPA statute does not exempt a CUTPA claim from voluntary arbitration. Voluntary arbitration is a highly favored policy of this state. Chrysler Corporation v. Maiocco, 209 Conn. 579 (1989).
Arbitrators are not required to issue a memorandum of decision. The comparison of the award to the submission is the test of the arbitrator's fidelity to his or her duty. The award, and not the findings and conclusions of facts, controls; Board of Education v. Bridgeport Education Association,173 Conn. 287, 292 (1977). ". . .and ordinarily the memorandum of an arbitrator is irrelevant." International Union v. Fafnir Bearing Co., 151 Conn. 650, 654 (1964).
Concerning the defendants' claim that they were harmed by the shortening of their thirty-day period within which to file their application to vacate, this court finds that the defendants did not produce evidence of any demonstrable harm, and therefore finds the claim unavailing. CT Page 1896
Having reviewed the record and the legal arguments of the parties, this court finds no basis for vacating the award. Accordingly, the motion to confirm the award is granted. The application to vacate the award is denied.
Clarance J. Jones
Judge