[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion to dismiss based on a prior pending action implicates the subject matter jurisdiction of the court. Halpern v. Board of Education, 196 Conn. 647, 495 A.2d 264 (1985). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v. Mayer, 218 Conn. 531, 545, 590 A.2d 914 (1991).
The City argues that Merrill Lynch II should be dismissed on the ground of the prior pending action doctrine, which provides that if there is the "pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object", that the second action should be dismissed. Halpern at 652. The City argues that this action and Merrill Lynch I both arise from the same underlying facts, are of the same character, and seek to have the same claim adjudicated. The City further contends that the issue of arbitration has already been raised and decided in Merrill Lynch I and that this issue is currently on appeal to the Appellate Court. The City argues that all these facts warrant a dismissal of this action.
The plaintiffs have not filed an objection to the motion to CT Page 2176 dismiss.
In Merrill Lynch I the Merrill Lynch defendants sought a stay of the court proceedings pending arbitration pursuant to General Statute 52-409. In Merrill Lynch II the plaintiffs have brought an action to compel arbitration pursuant to General Statute52-410. On January 11, 1993, Judge Barnett ordered that these two cases be consolidated and that his order regarding arbitration be applied to both cases.
These two actions are not `virtually alike' as the City contends. The Supreme Court in Success Centers, Inc. v. Huntington Learning Centers, Inc., 223 Conn. 761, A.2d (1992), held that an application for a stay pending arbitration pursuant to General Statute 52-409 is an interlocutory order and is therefore not immediately appealable. Id., at 769-770. However, "52-410 creates an independent action that can be instituted only by a properly served writ of summons and complaint." Id., at 768. Therefore, "a court order made pursuant to 52-410 [is] a final order from which either party to the agreement may appeal." Id., at 769. For the plaintiffs to insure that their appeal of Judge Barnett's order concerning arbitration be considered by the Appellate Court, it must be based on the order as it applies to52-410, and not as it applies to 52-409. The plaintiffs, by bringing this action are simply preserving their appellate rights.
Therefore, the City's motion to dismiss is denied as this action does not violate the prior pending action doctrine.
SYLVESTER, J.