[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in this action to replevy goods has moved for a stay of proceedings on the ground that the dispute is, by prior agreement of the parties, required to be determined by arbitration rather than by court proceedings.
The complaint filed in this court by the plaintiff, Cristwood Contracting, Inc., alleges that on April 5, 1993, the plaintiff contracted with the defendant, Precast Associates, for the defendant to manufacture certain unique architectural concrete items for a construction project, with delivery to be made by July 26, 1993.
The plaintiff further alleges in its complaint that the terms of the agreement are set forth in a purchase order appended to the complaint as Exhibit 1. That document provides, at paragraph 6, that "[a]ny controversy or claim arising out of or relating to this Purchase Order, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof."
The plaintiff opposes the motion for stay of proceedings on the ground that it has invoked the Connecticut Unfair Trade Practice Act ("CUTPA") in connection with the transaction at issue and that this statutory claim is not subject to arbitration but can only be decided by the court. CT Page 5617
Section 52-409 C.G.S. provides for entry of a stay in a pending case where the court is "satisfied that any issue included in the action or proceeding is referable to arbitration under the agreement . . . until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration." The movant has presented an affidavit indicating its readiness and willingness to proceed to arbitration, and the text of the agreement cited above provides for arbitration of "any controversy or claim" arising out of the transaction memorialized in the purchase order.
In opposing the motion, the plaintiff relies on the trial court's ruling in Bill Butler Associates v. New England SavingsBank, 42 Conn. Sup. 198 (Stamford-Norwalk Judicial District, May 13, 1991) in which a motion for stay was denied because the complaint included a CUTPA claim. The Supreme Court later, however, issued a ruling indicating that such claims are subject to arbitration where parties have contracted to submit "any controversy" to arbitration. Success Centers Inc. v. HuntingtonLearning Centers, Inc., 223 Conn. 761, 772-73 (1992).
The written agreement to arbitrate signed on behalf of both of the parties in the case before this court contains no limitations of the kind urged by the plaintiff but applies to "any controversy or claim arising out of or relating to" the breach of the agreements set forth in the purchase order. The plaintiff's claims in Count One are that the defendant breached the contract and delayed performance. The plaintiff's claims in Count Two are that the defendant refused to perform its contractual obligations according to their terms but imposed additional conditions before would supply the items which were the subject of the contract and that such actions constituted an unfair trade practice. This court is satisfied that both of the counts of the complaint assert claims arising from or relating to the purchase order or the breach of it, and this court therefore concludes that both counts of the complaint are subject to the written agreement to arbitrate. The court further finds that the defendant is ready and willing to proceed to arbitration.
The motion to stay proceedings in this case until an arbitration has been had is, accordingly, granted. The movant has not requested relief with regard to the prejudgment order of replevin previously entered, and the court does not at this time make any ruling in that regard. CT Page 5618
Beverly J. Hodgson Judge of the Superior Court