[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on an objection to a motion to stay this action pending arbitration. The plaintiff, a subcontractor on a construction project, has sued the defendant general contractor, who asserts that the dispute is subject to contractual arbitration. The subcontractor takes the position that while the general contractor agreed to arbitrate its disputes with the owner of the project, the Town of Cheshire, the subcontractor never agreed to arbitrate its own disputes with the general contractor. CT Page 5754
In its complaint, the plaintiff alleges that it contracted with the defendant to perform certain excavation and site work at the Doolittle Elementary School in Cheshire on a project for which the defendant W.J. Mountford Company was the general contractor. The plaintiff alleges that it performed the work required of it pursuant to its subcontract but that the defendant has not paid in full for the work.
The issue whether a party has contractually agreed to arbitrate a dispute is a threshold issue to be determined by the court. Success Centers, Inc. v. Huntington Learning Centers,Inc., 223 Conn. 761, 769 (1992); John A. Errichetti Associates v.Boutin, 183 Conn. 481, 488 (1981); E.F. Construction Co. v.Rissil Construction Associates, Inc., 181 Conn. 317 (1980);Visselli v. American Fidelity Co., 155 Conn. 622, 624 (1967).
On the basis of the evidence presented, this court makes the following findings. On June 17, 1994, the defendant general contractor and the Town of Cheshire entered into a contract by which the defendant agreed to complete a construction project in accordance with cited specification and drawings for payment in the amount of $4,129,000.00. (Ex. 2). That contract incorporated by reference a separate document titled General Conditions of the Contract of Construction (Ex. 3). The general conditions included, at § 4.5.1, an agreement between the Town of Cheshire and the defendant general contractor to arbitrate "[a]ny controversy or claim arising out of or related to the Contract or the breach thereof." (Ex. 3, p. 12).
When the general contractor contracted with the plaintiff on June 21, 1994, it did so using a form supplied by the general contractor. (Ex. 1). That contract contains no specific mention of arbitration; however at section 8, which is titled "Subcontractor's Rights and Responsibilities, the contract contains the following provision:
 8.1 General. The Subcontractor shall be bound to the Contractor by the terms of this Agreement, and to the extent that provisions of the Contract Documents between the Owner and Contractor apply to work of the Subcontractor, the Subcontractor shall assume toward the Contractor all the obligations and responsibilities which the Contractor, by CT Page 5755 those Documents, assumes toward the Owner and Architect, and shall have the benefit of all rights, remedies and redress against the Contractor which the Contractor, by those Documents, has against the Owner or Architect, provided that where any provision of such Documents is inconsistent with any provision of this Agreement, this Agreement shall govern. [Emphasis supplied].
The general contractor's right of redress against the owner, that is, the Town of Cheshire, is restricted to arbitration of disputes. The provision of the subcontract cited above restricts the subcontractor to the same rights, remedies and redress against the contractor that the contractor has against the owner. Pursuant to § 4.5.1 (Ex. 3), the contractor does not have the right to pursue a lawsuit against the owner as to claims for payment but must arbitrate such claims. Accordingly, by operation of § 8.1 of its contract with the defendant, the plaintiff subcontractor must take its dispute with the contractor to arbitration.
The plaintiff takes the position that since its representative did not have in his possession the general conditions to which the contractor and owner had agreed, the plaintiff cannot be held to have limited itself to arbitration without knowing of the existence of the agreement to arbitrate. Having agreed to rights that tracked the rights of the contractor, the plaintiff cannot be relieved of that agreement because it failed to investigate the terms to which it agreed.E.F. Construction Co. v. Rissil Construction Associates, Inc.,181 Conn. 321; Batter Building Materials Co. v. Kirschner,142 Conn. 1, 7 (1954).
The court finds that the plaintiff agreed, as part of its subcontract, to arbitrate its disputes with the defendant. The motion to stay this action pending arbitration is therefore granted.
Beverly J. Hodgson Judge of the Superior Court CT Page 5756