[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS
The parties in this commercial summary process action involving a flower farm entered into a written lease that included an arbitration provision. The defendants move to dismiss this action because of that provision. At the time of argument the defendants' counsel informed the court that in fact the CT Page 3461-J defendants are seeking relief under C.G.S. § 52-409. Accordingly, the court will consider this motion as one for a motion to stay.
The lease provision reads
 Any differences between the parties as to their several rights or obligations under this lease which are not settled by mutual agreement shall be submitted to three (3) arbitrators familiar with farming operations, one to be selected by Lessor, one by Lessees and the third selected by the two so selected. The arbitrator's decision shall be accepted by both parties.
The plaintiff objects to the motion on several grounds: 1) the lease has expired so that the arbitration provision does not apply, 2) the defendants have not asserted that they are ready and willing to proceed with arbitration, and 3) the defendants have waited too long to receive the benefit of this provision.
C.G.S. § 52-409 provides that in "any action for legal or equitable relief or other proceeding brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration."
The court finds that there are issues in this action that are referable to arbitration under the terms of the lease. The phrase "as to their several rights and obligations" under the lease encompasses the issues raised in the two counts of the complaint. Further, as to the plaintiff's first argument, the court finds that the notice to quit does not invalidate the arbitration provision by terminating the lease.
Notwithstanding the above findings, for the following reasons the court does not stay this action pending arbitration. The Notice to Quit was served on February 23, 1996, this action initiated on March 13, 1996, and the defendants' Answer was filed without special defenses on March 25, 1996. By this Motion filed on April 8, 1996, the defendants first raise the issue of the CT Page 3461-K arbitration provision. Neither in the Motion nor at the hearing did the defendants indicate they were ready and willing to proceed to arbitration. "As a condition precedent to the issuance of a stay order [under § 52-409] by the trial court, the moving party must be ready and willing to proceed with arbitration." Success Centers, Inc. V. Huntington LearningCenters, Inc., 223 Conn. 761, 767 (1992). While the court is cognizant of our Supreme Court's deference to alternative dispute resolutions in cases where the parties have contracted to do so[1], in this summary process action where the defendants have delayed in raising this issue and where the court cannot find that a condition precedent of a stay has been met, the request for a stay and the Motion to Dismiss is denied Trial is scheduled for April 29, 1996.