[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS AND/OR STAY PLEADING #102
This is an action brought by plaintiff Tracy Alan Saxe, P.C. CT Page 5123-M (TAS) against defendant Anderson Kill Olick Oshinsky, P.C. (AKOO) to dissolve and wind up the affairs of Anderson Kill Olick Oshinsky (the partnership), a Connecticut partnership I entered into by and between TAS and AKOO. The plaintiff filed a verified complaint along with an application for appointment of a temporary receiver in order to settle and direct the winding up of the affairs of the partnership. The plaintiff alleges in the verified complaint that the partnership has been dissolved and seeks a decree dissolving the partnership, an order requiring the winding up of the affairs of the partnership, an accounting, and the appointment of a receiver to facilitate the winding up process.
The defendant moves to dismiss on the ground that this court lacks subject matter jurisdiction. In the alternative, the defendant argues that the present action should be stayed pending arbitration pursuant to General Statutes § 52-409.
The plaintiff moves to maintain the status quo and a motion to deposit funds, requesting permission to deposit twenty-nine checks, payable to the dissolved partnership, in the amount of $201,245.35 into an escrow account pending appointment of a temporary receiver or other equitable order of the court to preserve the status quo pursuant to General Statutes § 52-510.
 I. MOTION TO DISMISS
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted; emphasis in original.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). When the court lacks subject matter jurisdiction, a motion to dismiss is the proper procedural vehicle. Id., 542-43. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Id., 542. "The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it."Plasil v. Tableman, 223 Conn. 68, 78, 612 A.2d 763 (1992). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." Id., 80. CT Page 5123-N
The defendant essentially argues that this court lacks subject matter jurisdiction over the plaintiff's claim. According to the defendant, "[h]aving expressly agreed to utilize the courts of New York exclusively to resolve all such disputes, TAS has forfeited the right to utilize the courts of this State." (Emphasis in original.) Defendant's Memorandum, p. 6, citingWaterbury v. Waterbury Teachers Assn., 174 Conn. 123,384 A.2d 350 (1977). Furthermore, the defendant argues, "pursuant to the express terms of the partnership agreement, once the arbitration provisions have been invoked by either party, . . . all disputes between the parties relating to Partnership must be submitted for resolution to the AAA [American Arbitration Association], thereby divesting this Court of jurisdiction over TAS'[s] claims and this action." (Emphasis in original.) Defendant's Memorandum, pp. 5-6, citing Conte v. Weston, 26 Conn. Sup. 41, 43-44, 211 A.2d 706
(1965). In the alternative, the defendant claims that the present action should be stayed; pending arbitration pursuant to General Statutes § 52-409.
It is a well-established principle, based upon considerations of public policy, that parties cannot by consent confer jurisdiction upon courts where the law has not given it or take it away where the law has given it. Parker, Peebles Knox v. ElSaieh, 107 Conn. 545, 557, 141 A. 884 (1928). See also 20 Am.Jur.2d 403, Courts § 99 (1995) ("In general, the jurisdiction of the courts is a public matter that cannot be affected by a private agreement, and the jurisdiction of a court can neither be acquired nor lost as a result of an agreement of the parties."). "The parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent."Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184,192, ____ A.2d ____ (1996). The provision in the partnership agreement cited by the defendant neither confers exclusive subject matter jurisdiction over disputes arising out of the partnership agreement on the New York courts, nor divests this court of subject matter jurisdiction. Furthermore, "[t]he settlement of partnership affairs comes properly within the equity jurisdiction of the court. . . ." Maruca v. Phillips, 139 Conn. 79, 82,90 A.2d 159 (1952); Weidlich v. Weidlich, 147 Conn. 160, 164,157 A.2d 910 (1960) ("Equity has full jurisdiction of a suit for an accounting and settlement of partnership affairs."). Accordingly, this court has subject matter jurisdiction over the plaintiff's claim.
Even if the parties could give exclusive subject matter CT Page 5123-O jurisdiction to the New York courts and divest this court of jurisdiction by way of their agreement, the partnership agreement fails to evidence such an intent. Paragraph 11(b) of the partnership agreement provides in relevant part: "The parties hereto consent to the jurisdiction of the Supreme Court of the State of New York, County of New York, for all purposes relating to the aforesaid arbitration, including enforcement of this arbitration agreement, arbitration proceedings hereunder and entry of judgment on any award. . . ." (Emphasis added.) "In interpreting contract terms, [the Supreme Court has] repeatedly stated that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract." (Internal quotation marks omitted.) Barnard v. Barnard, 214 Conn. 99, 110, 570 A.2d 690
(1990). Because the parties to an agreement cannot by consent confer subject matter jurisdiction upon a court where the law does not give it; Jolly, Inc. v. Zoning Board of Appeals, supra,237 Conn. 192; under a "fair and reasonable construction" of the terms of the partnership agreement, the parties merely consented
to personal jurisdiction, rather than subject matter jurisdiction, in New York by virtue of the above provision, and that the terms of the agreement do not even purport to confer exclusive subject matter jurisdiction on the New York courts. "Unlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver." (Internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 180,554 A.2d 728 (1989).
The defendant's reliance on Conte v. Weston, 26 Conn. Sup. 41,43, 211 A.2d 706 (C.P. 1965), in which the court held that "if the contract provides that the decision of the arbitrators shall be obtained prior to an action on the contract, no action can be brought on the contract," is misplaced. "For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily be implied from the language used." Multi-Service Contractors. Inc. v. Vernon,181 Conn. 445, 448, 435 A.2d 983 (1980). "[T]hat implication must be so plain that a contrary intention cannot be supposed. It must be a necessary implication. The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court." Id. CT Page 5123-P
In Multi-Service Contractors, Inc. v. Vernon, the contract provided that "all claims, disputes and other matters in question between the contractor and owner arising out of, or relating to, the Contract Documents or the breach thereof . . . shall be decided by arbitration. . . ." Id., 446. The court concluded that "[t]he arbitration clause in this case does not require, either by express language or by necessary implication, arbitration as a condition precedent to court action." Id., 449. Accordingly, the court held that the; trial court erred in granting the defendant's motion to dismiss on the ground that arbitration was a condition precedent to bringing an action on the contract.
The arbitration clause contained in paragraph 11(a) of the parties' partnership agreement provides: "Any and all questions, disputes or controversies arising out of or in connection with this Agreement, its interpretation, application, performance, nonperformance or breach . . . shall, at the demand of any party hereto, be submitted and determined by arbitration. . . ." This provision is virtually identical to the provision considered by the court in Multi-Service Contractors, Inc. v. Vernon, in which the court held that the arbitration clause was not a condition precedent to bringing a court action. Accordingly, the above provision in the partnership agreement is not a condition precedent to court action by the plaintiff in this case.
The defendant's motion to dismiss is denied.
 II. APPOINTMENT OF RECEIVER OF PARTNERSHIP
"The application for a receiver is addressed to the sound legal discretion of the court. . . ." Chatfield Co. v. CoffeyLaundries, Inc., 111 Conn. 497, 501, 150 A. 511 (1930). General Statutes § 52-509[1] authorizes the court to appoint a receiver "[w]hen any partnership is dissolved and the partners cannot agree upon the disposition of the partnership property and the settlement of the affairs of the partnership . . . Furthermore, General Statutes § 52-504 provides that a superior court judge, when considering an application for the appointment of a receiver, "may make such order in the action asthe exigencies of the case may require, and may, from time to time, rescind and modify any such order." (Emphasis added.). "The purpose of a receivership, ordinarily, is to preserve and protect property pending the outcome of litigation." HartfordCT Page 5123-QFederal Savings Loan Assn. v. Tucker, 192 Conn. 1, 7,469 A.2d 778 (1984).
In light of the dissolution of the partnership and in the interest of the partnership's clients, the exigencies of this case require the appointment of a receiver in order to protect and preserve the partnership property pending the outcome of this dispute. Accordingly, the plaintiffs application to appoint a receiver is granted.
 III. STAY OF PROCEEDINGS IN COURT
Pursuant to General Statutes § 52-409,[2] "when an action is brought in the trial court by a party to a written agreement that includes provisions for arbitration, and the trial court is satisfied that an issue involved in the action is arbitrable, the court, on, motion of any party to the agreement, shall stay the action until arbitration has been had in compliance with the agreement." Success Centers. Inc. v.Huntington Learning Centers, Inc., 223 Conn. 761, 767,613 A.2d 1320 (1992). "Arbitration need not be a condition precedent to the action in court for the granting of a stay under General Statutes § 52-409." KND Corp. v. Hartcom, Inc., 5 Conn. App. 333,336, 497 A.2d 1038 (1985). "An order staying proceedings does not terminate the action but merely: postpones its disposition. It may be modified or vacated by the court whenever, in the exercise of a sound discretion, it is considered necessary or proper to do so." (Internal quotation marks omitted.) SuccessCenters v. Huntington Learning Centers, supra, 223 Conn. 771.
In its motion to stay, the defendant asserted that it was ready and willing to arbitrate and that by demand for arbitration dated May 23, 1996, it commenced an arbitration proceeding against the plaintiff with the American Arbitration Association in New York City in accordance with paragraph eleven of the partnership agreement. By agreeing to the arbitration clause in the partnership agreement, the plaintiff agreed to submit "[a]ny and all questions, disputes or controversies arising out of or in connection with this Agreement" to arbitration. The plaintiff's claim seeks an accounting and winding up of the partnership affairs. Accordingly, the plaintiff's claim involves questions, disputes or controversies arising out of or in connection with the partnership agreement and, therefore, the defendant is CT Page 5123-R entitled to the stay contemplated by General Statutes § 52-409.
For the forgoing reasons, the defendant's motion to stay the proceedings pending arbitration is granted.
Frank S. Meadow State Trial Referee