[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS PENDING ARBITRATION #117
On March 19, 1993, the plaintiff, Beck Eldergill, P.C., filed a two count second amended complaint against the defendants, Warren W. Hunt and Edward E. Hunt, Jr. In the first count, the plaintiff alleges that Warren W. Hunt entered into a contract with the plaintiff for legal services and has not paid for services rendered. In the second count, the plaintiff alleges that Edward E. Hunt, Jr. guaranteed all legal fees and related expenses incurred by Warren W. Hunt and is therefore liable to the plaintiff for the amount owed.
Also on March 19, 1993, the plaintiff filed a motion for stay of proceedings pending arbitration as to the defendant, Warren W. Hunt, pursuant to an arbitration clause in the fee agreement. Therein, the plaintiff states that it is ready and willing to proceed with arbitration.
General Statutes section 52-409 provides:
 If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration. (Emphasis added).
The Court has reviewed the pleadings and documents submitted by the parties and is satisfied that the present dispute is one which is referable to arbitration under the agreement. The Court finds no support for the defendants' argument that the plaintiff waived its right to arbitrate by filing the present action. See KND Corporation v. Hartcom, Inc., 5 Conn. App. 333, 334-37, 497 A.2d 1038 (1985).
Accordingly, the plaintiff's motion to stay the proceedings pending arbitration is granted.
BY THE COURT,
William M. Shaughnessy Judge, Superior Court CT Page 4558