[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this four count action, the plaintiff, Herbert Construction Company, Inc., seeks payment for services rendered on property in Westport. The owners of the property are defendants Anne and Leslie Byelas and Ruth Berlin, as trustees of the Irving Byelas irrevocable trust ("Bylas"). The lessor is defendant Stop Shop. In count one, plaintiff seeks to foreclose on a mechanics' lien and counts two through four contain the following allegations: unjust enrichment, breach of contract, and violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et. seq. ("CUTPA").
The plaintiff filed a motion to stay this action, which the CT Page 7024 court, by the undersigned, granted on February 22, 1994. The stay was sought pursuant to General Statutes § 52-409 on the grounds that a contract between plaintiff and defendant Stop Shop provided for arbitration. This stay, however, was not limited to the issues between plaintiff and Stop Shop.
On June 16, 1994, defendant Byelas filed a motion to discharge a mechanics' lien, claiming that the stay only applied to the issues between plaintiff and defendant Stop Shop. Defendant Byelas argues, inter alia, that the mechanics' lien should be discharged because as the owner of the property, Byelas did not consent to the work done by plaintiff.
Defendant Stop Shop's motion for stay referred to "this action," and in granting such stay, the court did not limit it to certain issues of parties. General Statutes § 52-409 provides:
 [i]f any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making and willing to proceed with the arbitration.
General Statutes § 52-409 (Rev. to 1993). A court order granting a stay pursuant to § 52-409 does not terminate the action, but merely postpones its disposition. KND Corporation v. Hartcom, Inc.,5 Conn. App. 333, 336 (1985).
No Connecticut law was found directly addressing the issue of whether an entire arbitration proceeding should be stayed pending arbitration when the action also involves parties who are not signatories to the underlying arbitration agreement. The Superior Court cases granting stays pursuant to § 52-409 generally stay the action or proceedings. See Beck v. Eldergill v. Hunt, 8 CSCR 598
(May 5, 1993, Shaughnessy, J.); but see Beaumont v. Swiderski, Superior Court, Judicial District of Waterbury, Docket No. 229276 (April 26, 1994, Sullivan, J.) (court stayed proceedings on issues that are referable to arbitration.
The stay granted by this court was not limited to certain CT Page 7025 issues and defendant Byelas did not object to the stay at the time it was sought. The damages sought in this action center around the services provided to defendant Stop Shop by plaintiff and its subcontractors pursuant to a contract between the parties, and it is this contract which is the subject of the arbitration. SeeMutual Ben. Life Ins. Co. v. Zimmerman, 783 F. Sup. 853, 876
(D.N.J. 1992) (central issue is whether the arbitrable claims dominate the issues in the nonarbitrable claims). In the interest of judicial economy, the issues in this action should be tried together, particularly since action taken by the court if the stay does not apply to the entire proceedings may affect the arbitration. Accordingly, the motion for discharge is denied.