SCOVILL MANUFACTURING COMPANY *v.* SCOVILL LOCAL 1604, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, C.I.O

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 21460
AT WATERBURY

Memorandum filed May 12, 1954.

*John S. Murtha,* of Hartford, for the plaintiff.

*Margaret C. Driscoll,* of Bridgeport, for the defendant.

PHILLIPS, J. This proceeding involves an application by the plaintiff to vacate, and by the defendant to confirm, an arbitration award.

Article X of the collective bargaining agreement, which governs the arbitration of grievances unsettled by the parties, contains the following sections limiting the powers of the arbitrators and the scope of the arbitration: "2. Arbitration will be for the sole purpose of interpreting or applying the specific provision or provisions of this Agreement involved in the grievance. . . . 11. The arbitrator shall have no power to make an award which amends, adds to, or eliminates from any paragraph of this Agreement, nor can he presume or infer that Article IV— Management Functions, is subordinate to any other Article of this Agreement, except as is provided by the terms of the Management Functions Article itself. 12. The awards shall be final and binding subject to applicable law. . . . 14. The award shall be based upon the facts presented. It shall not be rendered to compromise the issue or issues. 15. In deciding any issue the arbitrator will be guided by the applicable terms of this Agreement, if any, and if no terms hereof apply, then by the customs or techniques established by the Company. The Union has the right, however, to present evidence which the arbitrator will consider on any unsound Labor Relations practices."

The plaintiff claims that §§ 11, 14 and 15 were violated by the award, and that the arbitrator misinterpreted the terms of the agreement which he applied to reach his award so that the award was not "final and binding subject to applicable law" within § 12. The resolution of the last contention will be determinative of the others.

The construction of a contract for arbitration is for the court. *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union,* 139 Conn. 591, 595. The court in the present case construes § 12 of article X, considered in connection with § 2, to mean that if the arbitrator has clearly misinterpreted the terms of the contract which he has applied to the facts to reach his award, then the award is not "subject to applicable law." Id., 596. It was open to the parties to make an unrestricted or a restricted submission. They elected to provide that the award should be final and binding "subject to applicable law." This provision requires that the award comply with the law. The interpretation of the terms of the collective bargaining agreement is a matter of law. Ibid.

While the court in the *Chase Brass* case, supra, in an obiter dictum, drew a distinction between a restriction that the award must not be "contrary to law" and an affirmative phrase that it must be "according to law," stating that the former imposes a more severe stricture on the conduct of the arbitrator than would the latter, it would be difficult in applying the rule where the affirmative phrase is used to observe this distinction. In either case, to vacate the award, the court must find that the interpretation which the arbitrator placed upon the contract was clearly untenable.

The arbitrator obviously made his award under the last paragraph of § 27 of article XII of the collective bargaining agreement. The question before the court is whether he clearly misconstrued this provision as applied to the facts. It is found that he did not.

Section 27 is part of the article which deals with wage incentives. It provides that if an incentive worker's opportunity to earn is interfered with be-

cause of certain conditions, average straight time hourly earnings will be paid unless a time standard can be established to cover these conditions. Following the enumeration of four conditions is the paragraph in question: "Except as set forth above, if a particular job or operation is interfered with abnormally, due to inefficient tools, faulty equipment, or imperfect work resulting from previous operation, the operator or operators involved will be paid at least the greater of the maximum of the labor grade of the job, or 92% of the average straight-time hourly earnings of the employee, for the day or that part of the day the interference existed if it can be segregated. If in the judgment of the foreman, an individual gives top performance under the existing conditions, he can be paid his average straight-time hourly earnings."

The court has carefully examined the transcript and has come to the conclusion that the particular job in question, Job 98-824, could logically have been found by the arbitrator to have been interfered with abnormally due to "imperfect work resulting from previous operation" within the meaning of this paragraph. The second inspection was not a new job; it had the same number as the first inspection and in fact concerned the same material. The imperfections were not created by the navy's change in specification; they existed before the first inspection. They resulted from previous operation, whether within or without the plaintiff's plant.

The award determined that under the agreement the company should have paid Mrs. Theresa Saturno at least the greater of the maximum of the labor grade or 92 per cent of the average straight-time hourly earnings of the employee for the period in question, and that she should be paid the difference between that amount and the amount she was actually paid. The award is not such an untenable inter-

pretation of the contract that this court should vacate it under the provisions of General Statutes, § 8161.

It is true, as argued by the plaintiff, that from the memorandum of the arbitrator it might appear that he was of the opinion that none of the provisions of the wage incentive article were completely and squarely in point and that he may have reached his conclusions by analogy. The memorandum of the arbitrator is irrelevant. *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union*, 139 Conn. 591, 597; *In re Curtis-Castle Arbitration*, 64 Conn. 501, 513.

It is the award we are considering, and the award was not so clearly a misinterpretation of the contract or a mistaken application of the last paragraph of § 27 of article XII as to justify interference by this court. In view of this, the plaintiff's further claims that the award amended or added to the contract and that it compromised the issue cannot be sustained.

The plaintiff's application for an order vacating the award is denied. The defendant's application for an order confirming the award is granted.