JOHN FLYNN ET AL. *v.* TOWN OF NEWINGTON ET AL.

BOARD OF EDUCATION OF THE TOWN OF NEWINGTON
*v.* NEWINGTON TEACHERS ASSOCIATION
(2521)
(2486)

TESTO, HULL and DUPONT, Js.

---

Argued April 5—decision released June 26, 1984

*Edward G. Pizzella,* with whom, on the brief, were *Robert G. Pizzella* and *Sidney G. Pizzella,* for the appellants (defendant town of Newington in the first case, plaintiff board of education in the second case).

*Vincent F. Sabatini,* with whom, on the brief, was *Pamela Lorch,* for the appellees (plaintiffs in the first case).

*Ronald Cordilico,* for the appellee (defendant in the second case).

DUPONT, J. This is a combined appeal of two cases. Both cases involve a collective bargaining agreement between the Newington Teachers Association (NTA) and the board of education of the town of Newington (board) and relate to a claim of a retired teacher, John Flynn, for medical expenses incurred by his wife, Margaret Flynn, after he had retired. In the first case, *Flynn* v. *Newington,* the teacher and his wife sought reimbursement for those expenses from the town and the board claiming a breach of the collective bargaining agreement between the board and the NTA.[1] That action was instituted in November of 1978. A motion to stay court proceedings pending arbitration of the plaintiff's claim was made in May of 1980 by the defendant town. Its motion was allegedly filed pursuant to General Statutes § 52-409.[2] Upon the representation of the town that it was ready and willing to proceed with arbitration, the trial court granted the motion.

---

[1] Travelers Insurance Company was also a defendant in the case but has not joined in this appeal.

[2] General Statutes § 52-409 provides as follows: "STAY OF PROCEEDINGS IN COURT. If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which such action or proceeding is pending, upon being satisfied that any issue involved in such action or proceeding is referable to arbitration under such agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with such arbitration."

At the arbitration proceeding held, the parties were the board and the NTA. The arbitrator concluded that the issue of whether the teacher's family members were covered by the major medical insurance policy provided in the collective bargaining agreement was not arbitrable[3] because the grievance was not timely filed.[4] The plaintiffs then filed an application to vacate the arbitration award, a motion to terminate the stay and to allow a trial on the merits, and a motion for contempt for failure to arbitrate the merits of the case. The court rendered judgment granting the application and the motions. The defendant town appeals from that judgment.

In the second case, *Board of Education* v. *Newington Teachers Assn.*, the board brought an action to confirm the arbitration award entered in the first case. The action was instituted in September of 1982, after the plaintiffs had filed their motions for contempt and for a vacation of the arbitration award. The trial court heard all of the motions in both cases simultaneously and rendered judgment denying the board's motion to confirm the award. That judgment is also appealed.

The issues contained in the preliminary statement of issues and the subsidiary questions relating thereto, as discussed in the briefs of the parties, are many. Those issues, however, may be distilled into two main issues. They are whether the trial court erred (1) in concluding that the town and the board could not raise the arbitrability of the plaintiffs' claim for the first time before the arbitrator, after the town had represented to the court that it was ready and willing to proceed

---

[3] The questions posed to the arbitrator in which both the board and the NTA joined were as follows: (1) Is the following issue arbitrable? (2) Was there a violation of Article VIII of the parties' agreement as applied to John Flynn? If so, what shall be the remedy?

[4] No party, in either of the cases consolidated for appeal, disputes that the grievance was not timely filed.

with arbitration; and (2) in concluding that the arbitration process was expanded to include the town and the retired teacher when admittedly neither was a party to the collective bargaining agreement.[5]

The trial court determined that it was within its province to decide whether arbitration was a condition precedent to court action and that the parties could not submit the question of the arbitrability of the issue to the arbitrator. The court's memorandum of decision makes it clear that it ordered arbitration with the expectation that arbitration would proceed on the merits of the Flynns' claim. It did so because of the representation of the town that it was ready and willing to proceed with arbitration. The defendant town did not raise the issue of timeliness at the hearing on its motion for a stay of the court proceedings but agreed to arbitrate the dispute if the stay was granted. The Flynns objected to the stay and, in fact, appealed to the Supreme Court from the granting of the stay.[6] At the time of the granting of the stay and the motion to proceed with arbitration, the NTA was not a party to any proceeding pending in court.

The trial court was correct in concluding that, on the facts of this case, the timeliness of the Flynns'grievance or the arbitrability of the grievance could not be considered by the arbitrator, and that the town had foregone or waived the arbitrability issue when it sought the stay. It is settled law in this state that the arbitra-

---

[5] The issue in *Board of Education* v. *Newington Teachers Assn.* is whether the court erred in denying the application of the board to confirm the arbitration award. That issue is embodied within the two issues stated in the text. The discussion in this decision primarily relates to the case of *Flynn* v. *Newington* since it was in that case that the arbitration was ordered and the court proceedings stayed. The purpose of the second case was to seek confirmation of the arbitration proceedings which had been ordered in the *Flynn* case. Reference to the plaintiffs in this opinion is to the Flynns.

[6] That appeal was dismissed, presumably on the ground that the granting of the stay was not a final judgment.

bility of a dispute is a legal question for the court unless the parties have clearly agreed to submit the arbitrability question to arbitration. *Bridgeport* v. *Bridgeport Police Local 1159,* 183 Conn. 102, 104, 438 A.2d 1171 (1981); *Board of Education* v. *Frey,* 174 Conn. 578, 580–81, 392 A.2d 466 (1978). In the present case, the town, which was not a party to the collective bargaining agreement, sought arbitration of the dispute. Neither of the Flynns was a signatory to the agreement and both resisted arbitration. The only person or entity which could seek arbitration as of right was the NTA. Section 4-2.4 of the collective bargaining agreement states that if the NTA determines a grievance should be submitted to arbitration and notifies the board in writing, a single arbitrator is to be selected. No other section in the agreement provides for arbitration in the event of any other dispute. In seeking arbitration, the town and the board, which had notice of the town's motion to stay court proceedings, affirmatively acquiesced in arbitration on the merits of the plaintiffs' court action. Neither defendant raised the issue of timeliness in seeking and obtaining arbitration.

The town's motion to stay proceedings in order to proceed with arbitration and the words of the agreement itself precluded the submission of arbitrability as an issue to the arbitrator.

A failure to follow the prerequisite procedure for arbitration as provided in a collective bargaining agreement may result in a waiver of the right to arbitrate. *Gary Excavating, Inc.* v. *North Haven,* 164 Conn. 119, 125, 318 A.2d 84 (1972). Even if the town or the board, in this case, could have sought arbitration under the terms of the agreement, the failure to raise the claim of a procedural deficiency—the timeliness of the plaintiffs' grievance—in the trial court constituted a waiver of that claim. Were this case a suit brought by the NTA to compel arbitration, arbitrability might have been an

issue for the aribitrator to decide since the NTA joined in the submission of that question to the arbitrator. See *New Britain* v. *Connecticut State Board of Mediation & Arbitration,* 178 Conn. 557, 424 A.2d 263 (1979).

The appropriate procedure to follow in instances where arbitrability is an issue is discussed in *Waterbury Board of Education* v. *Waterbury Teachers Assn.,* 168 Conn. 54, 357 A.2d 466 (1975). The parties to a collective bargaining agreement may either submit the question of arbitrability to the arbitrator or seek a prior judicial determination of the issue. *Naugatuck* v. *AFSCME,* 190 Conn. 323, 326–27, 460 A.2d 1285 (1983). Even if the question of arbitrability is submitted to the arbitrator, the court is not foreclosed from later reviewing whether the award disregarded the procedural necessities of the agreement.

The trial court correctly concluded that arbitration was not a condition precedent to the plaintiffs' action for reimbursement for medical expenses. No language in the collective bargaining agreement of this case provides that arbitration is such a condition precedent and there is no language in it from which the necessary implication arises that arbitration must first be had. *Multi-Service Contractors, Inc.* v. *Vernon,* 181 Conn. 445, 435 A.2d 983 (1980). Furthermore, three parties in the *Flynn* action were not signatories to the collective bargaining agreement and could not be compelled to arbitrate. Id., 449. The trial court was aware of these facts and ordered arbitration, as requested by the town, not as the right of the town, but as an expeditious alternative route for the resolution of a dispute, believing it was thereby obviating the necessity for the lengthier route of a jury trial. For eighteen months following the institution of the plaintiffs' action, the defendants took no action to seek arbitration. Even if they had a right to arbitration, which is not the case here, it could be concluded that they had waived it. See *Waterbury*

*Teachers Assn.* v. *Waterbury,* 164 Conn. 426, 324 A.2d 267 (1973). The decision to refer the merits of the case to arbitration, the timeliness of the grievance never having been raised as a defense to the action, was not reflective of a right, but of the trial court's belief that the merits of the plaintiffs' claim could be resolved more swiftly by an arbitrator than by a jury trial.

The second issue of this appeal, whether the arbitration process was expanded to include the plaintiffs, is an attack on the standing of the plaintiffs to move to vacate the arbitration award and to terminate the stay of proceedings in their action against the defendants. The plaintiffs were not parties to the collective bargaining agreement and, therefore, ordinarily would lack the requisite standing to seek confirmation or vacation of an arbitration award. *Housing Authority* v. *Local 1161,* 1 Conn. App. 154, 468 A.2d 1251 (1984). In this case, however, the plaintiffs did not bring an action either to confirm or vacate an arbitration award. Instead, they brought a direct action against the town and the board and never sought arbitration under the agreement. The Flynns are a *retired* employee and his wife. The legal remedies of a pensioner are not wholly prescribed by the collective bargaining agreement itself but by standard contractual principles, including promissory estoppel and third party beneficiary principles. Note, "Pension Plans and the Rights of the Retired Worker," 70 Colum. L. Rev. 909, 916–17 (1970). Retirees are not employees for the purposes of the National Labor Relations Act, and the union which may have represented them while they were active members of the bargaining unit is under no statutory duty to represent them in negotiations with their former employer.[7] *Allied*

---

[7] In this case, the union represented the plaintiff, a retired employee, at the arbitration hearing ordered by the court. The union, contrary to the employee's theory of his case, joined in the submission of the question of arbitrability to the arbitrator.

*Chemical Workers* v. *Pittsburgh Plate Glass Co.,* 404 U.S. 157, 92 S. Ct. 383, 30 L. Ed. 2d 341 (1971). A retired employee has contractual rights under a collective bargaining agreement for which he may independently seek redress regardless of whether the union chooses to represent him. Id., 181 n.20. The signatories to a collective bargaining agreement are not the only entities with rights which arise from that contract. The trustees of a pension and welfare fund are third party beneficiaries of the agreement and are not bound by the grievance-arbitration provisions of an agreement under federal law statutes, allowing them a direct right of access to the courts, without the necessity of arbitration. *Robbins* v. *Prosser's Moving & Storage Co.,* 700 F.2d 433, 436–37 (8th Cir. 1983). Although active employees are deprived of the ability to deal with or directly sue their employer when their bargaining agent has entered into a collective bargaining agreement with the employer, *retired* employees have no duty to exhaust arbitration procedures required by the agreement before bringing a direct action against their employer. *Anderson* v. *Alpha Portland Industries,* 727 F.2d 177, 184–85 (8th Cir. 1984). The trial court here was not prohibited from referring the merits of the dispute to arbitration. Nor was it bound to limit the arbitration process to the two parties, the board and the union, which had executed the collective bargaining agreement.

John Flynn retired as an employee of the board in 1974. The medical expenses of his wife were incurred in August of 1977 and thereafter. As of March, 1983, her bills totalled $150,611.31. Mr. and Mrs. Flynn are now 71 years old, still bereft of a decision on the relatively simple question of whether Mrs. Flynn was entitled to payment of her medical expenses under the terms of the collective bargaining agreement. The case is a study in procedural gymnastics. It ground its way

to this court via a tortuous route of contested motions including motions to dismiss, to strike from the jury list, to strike, for summary judgment, to consolidate, to stay proceedings, to vacate and to confirm an arbitration award, and for contempt. It has been on the motion calendars of the Supreme Court and this court. The time for a substantive decision is overdue. In the case of *Flynn* v. *Newington,* the court properly granted the plaintiffs' application to vacate the arbitration award, their motion to terminate the stay and to allow a trial, and their motion for contempt.[8] An immediate trial on the merits is ordered. In the case of *Board of Education* v. *Newington Teachers Assn.,* the court was correct in denying the motion of the board to confirm the arbitration award.

There is no error in either case.

In this opinion the other judges concurred.

---

[8] The contempt issue has not been discussed in this opinion in view of the decision of this court. The trial court imposed no sanctions in connection with the granting of the plaintiffs' motion for contempt. Furthermore, in view of the trial court's finding in its memorandum of decision that its original order was to proceed to arbitration on the merits, that order was specific and definite enough to allow the trial court to grant the plaintiffs' motion for contempt for the failure of the defendant town to arbitrate the merits of the case.