### KND CORPORATION *v.* HARTCOM, INC. (3270)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued May 17—decision released September 24, 1985

*Alan Neigher,* with whom, on the brief, was *Judith Trutt,* for the appellant (defendant).

*Glenn T. Terk,* for the appellee (plaintiff).

SPALLONE, J. The dispositive issue in this appeal is whether, pursuant to General Statutes § 52-409, the defendant was entitled to a stay of this proceeding pending arbitration. We find that it was.

The plaintiff entered into an agreement to sell WKND-AM, a radio station located in Windsor, to Citcom Corporation, which assigned its rights to the defendant. About a month before the closing, the parties modified the agreement to provide that the defendant would be responsible for attorney's fees and costs of collection if the defendant did not abide by the provisions of the contract. The agreement, as originally entered into by the parties, otherwise remained in full force and effect.

On the date of the closing, the plaintiff stated that accounts receivable in the amount of $74,779.52 were outstanding. Pursuant to the contract, the defendant was to collect those accounts during the ninety day period after the date of closing and pay the proceeds, less any commissions due to WKND-AM sales personnel, to the plaintiff as promptly as possible and at least every thirty days. The contract also contained a provision whereby the parties agreed that all disputes arising out of the contract would be settled by arbitration.[1] The plaintiff commenced this action to collect accounts receivable which the defendant had not remitted to it as provided by the contract. The defendant moved, pur-

---

[1] Paragraph twenty-one of the contract provided: "Any controversy arising under this agreement shall be settled by arbitration conducted in Hartford, Connecticut under the prevailing rules of the American Arbitration Association, and judgment upon any award shall be entered in any court of competent jurisdiction."

suant to General Statutes § 52-409,[2] to stay the proceedings pending arbitration, and to dismiss the proceedings on the ground that the plaintiff was contractually obligated to submit this dispute to arbitration. The trial court, *Brennan, J.,* denied both motions, and the defendant filed an answer and special defenses. As its second special defense, the defendant contended that under the contract, all disputes were to be resolved by arbitration.

Prior to trial, the defendant filed a "renewed" motion to dismiss or stay the proceedings pending arbitration. The court, *N. O'Neill, J.,* denied that motion. Upon completion of the trial, the court found all of the facts in favor of the plaintiff, but rendered a judgment of dismissal in favor of the defendant. The court found that the arbitration clause in the agreement was not a condition precedent to an action in court. It also found that the defendant had done nothing to implement arbitration and had unjustifiably delayed seeking arbitration. It thus concluded that the defendant had waived its rights under the arbitration clause. Nonetheless, because the plaintiff had not specially pleaded waiver in reply to the defendant's second special defense; see *Jones* v. *Civil Service Commission,* 175 Conn. 504, 511, 400 A.2d 721 (1978); the court dismissed the action "solely on defendant's defense that the arbitration provision in the contract prevails."

The plaintiff moved to open the judgment and for leave to file a reply to the defendant's second special

---

[2] General Statutes § 52-409 provides: "If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration."

defense. The trial court granted the motion. The plaintiff filed a reply in which it pleaded waiver and the court rendered judgment for the plaintiff in the amount of $36,127.90. The defendant has appealed from that judgment, claiming (1) that the trial court erred in refusing to stay or dismiss the proceedings, (2) that arbitration was a condition precedent to litigation under the terms of the contract, (3) that it never waived its right to enforce the arbitration clause, and (4) that the trial court's findings as to its first and third special defenses and its counterclaim were not supported by the evidence.

General Statutes § 52-409 provides that where an action is brought by any party to a written agreement to arbitrate, the court shall stay the action upon motion by any party to the agreement, provided that the issue involved is referable to arbitration and that the person seeking the stay is ready and willing to proceed with arbitration. Arbitration need not be a condition precedent to the action in court for the granting of a stay under General Statutes § 52-409. See *Kantrowitz* v. *Perlman,* 156 Conn. 224, 229, 240 A.2d 891 (1968). Even where an arbitration clause is determined on appeal *not* to be a condition precedent to litigation, a party being sued may avail itself of the provisions of that section. Id.

In its motion to stay, the defendant alleged that it was ready and willing to arbitrate and that it sought arbitration pursuant to the contract. It filed that motion at the beginning of the case and renewed the motion on the eve of the trial. The plaintiff takes the position that this was not enough and that the defendant should have sought an order to compel arbitration under General Statutes § 52-410. We do not agree. The procedure authorized by General Statutes § 52-410 is an adversary process commenced by writ of summons and complaint. *Covenant Ins. Co.* v. *Banks,* 177 Conn. 273, 278–79, 413 A.2d 862 (1979). It would make little sense

to require a party being sued to initiate such an action. To do so "would merely plunge the defendant deeper into the sea of litigation, thus causing it the very inconvenience it sought to avoid by arbitration." *Conte* v. *Weston,* 26 Conn. Sup. 41, 44, 211 A.2d 706 (1965).

General Statutes § 52-409 has been recognized as a means by which a party to a pending suit may "compel arbitration by gaining a 'judicial reconciliation' of the threshold issue of arbitrability" when the other party has refused to arbitrate voluntarily. *Schwarzschild* v. *Martin,* 191 Conn. 316, 323, 464 A.2d 774 (1983). An order under General Statutes § 52-409, of course, does not terminate the action but merely postpones its disposition. An order staying proceedings "may be modified or vacated by the court whenever, in the exercise of a sound discretion, it is considered necessary or proper to do so. 1 C.J.S. 1417 [Actions § 134]." *Gores* v. *Rosenthal,* 148 Conn. 218, 221, 169 A.2d 639 (1961).

We can find no support in the record for the trial court's finding that the defendant unjustifiably delayed seeking arbitration and therefore waived its right to arbitrate. Cf. *Waterbury Teachers Assn.* v. *Waterbury,* 164 Conn. 426, 436, 324 A.2d 267 (1973) (failure to move for stay until trial nearly completed); *Flynn* v. *Newington,* 2 Conn. App. 230, 236, 477 A.2d 1028 (1984) (failure to move for stay until eighteen months after commencement of action). We conclude that the defendant was entitled to the stay contemplated by General Statutes § 52-409. Having so concluded, we need not address the defendant's claims of error which concern the trial court's findings as to its special defenses and counterclaim.

There is error, the judgment is set aside and the case is remanded with direction to grant the defendant's motion to stay proceedings pending arbitration.

In this opinion the other judges concurred.