[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue raised by the defendant's motion to dismiss or stay this summary process action is whether the plaintiffs as landlords may be required to arbitrate the issues alleged in their complaint where the parties' commercial lease provides for arbitration of "any dispute" arising thereunder, but later provides that such a right or remedy is not exclusive but additional to the landlord's other rights and remedies at law. The court holds that the plaintiffs may maintain this action. The motion to dismiss or stay is denied.
On September 23, 1993, the plaintiffs entered into a written agreement in which they leased to the defendant, Larry McDermott, doing business as Classic Oil Company, certain premises to be used as an office for oil distribution. Paragraph 23 of the lease provides: "Any dispute arising under this lease shall be settled by arbitration. Then [sic] Landlord and Tenant shall each choose an arbitrator, and the two arbitrators thus chosen shall select a third arbitrator. The findings and award of the three arbitrators thus chosen shall be final and binding on the parties hereto." However, paragraph 25 provides: "The foregoing rights and remedies are not intended to be exclusive but as additional to all rights and remedies the Landlord would otherwise have by law." The complaint alleges that the lease has been subject to an extension for the period October 1, 1996 to September 31, 1997.
The plaintiffs have commenced this summary process action for alleged nonpayment of rent and violation of paragraph 12 of the lease.[1] Pursuant to General Statutes § 52-409,[2] the defendant has moved to dismiss or stay the proceedings "for the reason that Paragraph 23 of the lease in effect between the plaintiff and defendant provides that any dispute under the lease be settled by way of arbitration." The motion is accompanied by the defendant's affidavit stating he is the president of Classic Oil Company and that at all times Classic Oil Company has been ready, willing and able to arbitrate the disputes alleged in the plaintiff's complaint. See Multi-Service Contractors, Inc. v.Vernon, 181 Conn. 445, 435 A.2d 983 (1980); Waterbury TeachersAssn. v. Waterbury, 164 Conn. 426, 435, 324 A.2d 267 (1973);Mayron's Bake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149, CT Page 7730 154, 176 A.2d 574 (1961); KND Corp. v. Hartcom, Inc.,5 Conn. App. 333, 336, 497 A.2d 1038 (1985); Flynn v. Newington,2 Conn. App. 230, 232, 477 A.2d 1028 (1984).
The applicable rule recently has been restated: "`Parties to a contract may agree on the remedies available in the event of a breach of contract. If the language of the agreement discloses that the parties intended to limit the remedies to those stated, the agreement will be enforced and the party will be limited to the exclusive remedies outlined in the agreement. . . . A contract will not be construed to limit remedial rights unless there is a clear intention that the enumerated remedies are exclusive. . . .' (Citations omitted.) Shawmut Bank, Connecticut,N.A. v. Connecticut Limousine Service, Inc., 40 Conn. App. 268,277, 670 A.2d 880, cert. denied, 236 Conn. 915, 673 A.2d 1143
(1996)." International Marine Holdings, Inc. v. Stauff,44 Conn. App. 664, 676, ___ A.2d ___ (1997).
Paragraph 25 of the lease clearly provides that the remedies provided in the lease, viz., arbitration, are not exclusive but in addition to other remedies the plaintiffs landlord have. The defendant does not claim that paragraph 25 is unconscionable, in violation of a statute or or against public policy. See, e.g.,Mendes v. Automobile Insurance Co. of Hartford, 212 Conn. 652,563 A.2d 695 (1989). Notably, this is a commercial lease between private parties. The defendant cites the judicial policy favoring arbitration. But while the Supreme Court has said that there is a "strong public policy that favors arbitration"; Garrity v.McCaskey, 223 Conn. 1, 7, 612 A.2d 742 (1992);[3] the Court has long recognized an even more elemental common law and constitutional right to liberty of contract. Real Estate ListingService v. Real Estate Commission, 179 Conn. 128, 136,425 A.2d 581 (1979) ("It has long been recognized that the right to make contracts is embraced in the concept of liberty under the due process clause of the fourteenth amendment to the United States constitution. Morehead v. New York, 298 U.S. 587, 610,56 S.Ct. 918, 80 L.Ed. 1347 (1936); West Coast Hotel Co. v. Parrish,300 U.S. 379, 391-92, 57 S.Ct. 578, 81 L.Ed. 703 (1937)."); see also U.S. Constit., Art. I § 10 ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts. . . ."). Except where mandated by statute, "[t]he right to arbitration can be created only by contract." Jacob v. Seaboard, Inc.,28 Conn. App. 270, 273, 610 A.2d 189 (1992). The policy favoring arbitration does not, standing alone, supersede or nullify the right of contract. CT Page 7731
"The intent of the parties that arbitration be the exclusive method for the settlement of disputes arising under the contract must be clearly manifested. . . ." (Citations omitted; emphasis in original) Harry Skolnick Sons v. Heyman, [7 Conn. App. 175,179, 508 A.2d 64 (1986)], citing M. Domke, Commercial Arbitration § 5.01, p. 49. Jacob v. Seaboard, Inc., supra,28 Conn. App. 273. If an arbitration procedure is included in a contract, but the parties do not intend it to be an exclusive remedy, then a lawsuit may be heard by the court even though such procedures have not been exhausted. Vaca v. Sipes, 386 U.S. 171, 184 n. 9 (1967). Here, paragraph 25 makes clear that arbitration is not the exclusive method for the settlement of disputes. The plaintiff landlord cannot be required to submit to arbitration where he elects to pursue another remedy at law.
The motion to dismiss or for stay is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court