[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE MOTION TO DISMISS THIRD PARTY COUNTERCLAIMS
The third party plaintiff John F. Carr, Jr. moves to dismiss the counterclaims filed by the third party defendants Edward Tyburski and Betty Tyburski. Carr argues that the two counterclaims raise issues that do not involve the action brought by the plaintiff and in fact involve issues the parties had contracted to arbitrate.
This action was brought in small claims court by C G Heating Air Conditioning Contractors Inc. (CG) against Carr for $2000 for the installation of a heating and air conditioning system. Carr moved to implead the Tyburskis and was allowed to file a third party complaint against them. Thereafter the case was transferred to the regular docket.
In his third party complaint, Carr alleges the following:
 The Plaintiff (C G Heating) and Defendant/Plaintiff (John F Carr Jr.) performed work on the property of the Defendants Edward Betty Tyburski (the Owners) at 88 South Shore Road, Salisbury, Connecticut. The Owners have refused to pay to either the Defendant or Plaintiff for work completed under contract. The amount owed the Defendant/Plaintiff by the Defendants includes the amount claimed by the Plaintiff, and claims damages in the amount of $2000 plus interest since July 1995 and costs.
In their counterclaim to the third party complaint, the Tyburskis allege that Carr negligently and unskillfully constructed their house and failed to complete the construction despite their performance under a contract with Carr. They further allege that Carr violated provisions of the Connecticut Unfair Trade Practices Act (CUTPA).
Carr claims that this court lacks subject matter jurisdiction over the counterclaims because of the arbitration clause in the contract signed by the Tyburskis and him. He cites no authority CT Page 14051 to support the lack of subject matter jurisdiction. The two appellate court cases cited by Carr are applications to compel or vacate arbitration on awards. While there may be other procedures to seek an order to arbitrate, this motion is not one of them. Further, in filing his third party complaint and alleging work completed under the contract, Carr has raised an issue himself that would be subject to the arbitration clause of the contract. See Waterbury Teachers Assn. v. Waterbury, 164 Conn. 426, 436
(1973); Flynn v. Newington, 2 Conn. App. 230, 236 (1984). The counterclaim appears to address and respond to claims made in the third party complaint in conformance with Practice Book §10-10.
The motion to dismiss is denied.
DiPentima, J.