[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Marie Keane, brings this action against the defendant Healy Ford Lincoln-Mercury, Inc. and John R. McGinn, in five counts. CT Page 2316
The complaint alleges breach of warranty, fraudulent misrepresentation, violation of the Connecticut Unfair Trade Practices Act (CUTPA), and a violation of the Truth in Lending statutes.
The defendants have moved to stay the proceedings, pursuant to § 52-409 of the Connecticut General Statutes, claiming that the agreement contains an arbitration clause, and that the proceedings must be stayed.
No motion to dismiss has been filed, claiming that the court lacks subject matter jurisdiction based upon the arbitration clause in question.
When purchasing a 1992 Ford Taurus automobile, the plaintiff signed documents including an arbitration clause:
 "The customer agrees that any controversy or claim arising out of or relating to this agreement, or the purchase, sale or servicing of the vehicle described herein, shall be determined by binding arbitration in accordance with the commercial Arbitration Rules of the American Arbitration Association and such arbitration shall be held in the state and county in which the dealership is located. Demand for arbitration must be filed with the American Arbitration Association within six months of the date the customer knew or should have known of the existence of any claim or any such claim shall be forever barred. This means that the customer agrees to give up the right to settle disputes by filing claims in court. This paragraph does not apply to any controversy or claim arising out of or relating to any finance and/or security agreement, which the Customer has executed in connection with this purpose."
§ 52-409 provides:
 "If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, upon motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the CT Page 2317 agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration."
The authority for arbitration must be derived from applicable statutory directives and the agreement of the parties. ALCA Construction Co. v.Waterbury Housing Authority, 49 Conn. App. 78, 82 (1998).
The unambiguous language of § 52-409 limits standing to request a stay to one who is "a party to a written agreement to arbitrate."
Since the defendant John R. McGinn is not a party to the agreement between the plaintiff and Healy Ford Lincoln-Mercury, the motion to stay proceedings must be denied as to him.
In order to claim the benefits of § 52-409, the party seeking to arbitrate must be ready and willing to proceed with the arbitration of the dispute. Success Centers, Inc. v. Huntington Learning Centers, Inc.,223 Conn. 761, 767 (1992). The moving party must indicate, in some tangible way, that it is ready and willing to proceed with arbitration.KND Corp. v. Hartcom, Inc., 5 Conn. App. 333, 336 (1985).
Here, the defendant Healy Ford Lincoln-Mercury has not indicated that it is ready and willing to arbitrate, consistent with the agreement.
It has therefore failed to comply with a condition precedent, set forth in § 52-409, and its motion must fail.
Furthermore, many of the issues raised by the plaintiff in her claim are not referable to arbitration, based upon the clear language of the arbitration clause.
The defendants' motion to stay proceedings is therefore DENIED, and the plaintiff's objection to the motion is SUSTAINED.
RADCLIFFE, J.