[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS I FACTUAL BACKGROUND
The plaintiff, by a complaint dated June 7, 2001, claims that the City of New Britain violated its collective bargaining agreement between it and the New Britain Police Union, of which the plaintiff was a member. The City did so, the plaintiff claims, by denying his request for a pension based upon twenty years of service and for payment of accrued sick leave.
The City filed a motion to dismiss on August 15, 2001, alleging that the plaintiff has failed to exhaust his administrative remedies, as provided by the collective bargaining agreement. It claims he therefore lacks standing to bring this suit and that this court should dismiss the action for lack of subject matter jurisdiction. The plaintiff counters by stating that he retired on August 20, 2000 and is therefore no longer an employee of the City. As such, he states he lacks the ability to pursue a grievance and to exhaust his administrative remedies.
The issue raised by this case is whether or not the plaintiff Daniel Phillips was required to exhaust his administrative remedies pursuant to the collective bargaining agreement with the City of New Britain. Secondarily, the answer to this question turns on whether or not he was an employee of the defendant's at the time he would otherwise have been CT Page 3794 required to exhaust his administrative remedies. For the reasons set forth in detail below, the court finds he was not an employee at the time in question and was therefore not required to exhaust his administrative remedies to have standing to bring this complaint.
 II DISCUSSION
A. The Legal Standard
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999).
"Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Konover v. WestHartford, 242 Conn. 727, 740, 699 A.2d 158 (1997). "[O]nce the question of a lack of subject matter jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaboration of Bridgeport, Inc. v.Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997).
The defendant argues that the court lacks subject matter jurisdiction because the plaintiff lacks standing to sue due to his failure to exhaust his administrative remedies pursuant to the collective bargaining agreement between the police union and the City.
B. Facts Stated in the Complaint and Affidavits
The facts provable and implied by the plaintiffs complaint are that the plaintiff was a police officer employed by the New Britain Police Department on August 20, 1980 and was during that time a member of the applicable collective bargaining unit represented by the New Britain police Union Local 1165. The plaintiff was suspended from the New Britain Police Department on October 28, 1994 and on November 1, 1994, was placed CT Page 3795 on administrative leave without pay. At that time and through July 1, 1996, he was subject to a collective bargaining agreement (Agreement I) which did provide for payment of accrued sick leave upon retirement and did not define how years of service were to be computed for purposes of a pension. It also specified the events, which would cause a break in seniority, which did not include administrative leave without pay.
On January 19, 2000, the Union entered into a new collective bargaining agreement (Agreement II) with an effective date of July 1. 1996. This agreement included a provision which did not credit unpaid leave toward calculation of years of service for purposes of computing the pension due a person such as the plaintiff. This new agreement also does not state that all disputes between the City and its union employees must be resolved through the grievance procedures outlined in the agreement.
By letter dated August 18, 2000, the plaintiff requested his retirement from the New Britain Police Department, effective August 20, 2000. He separated from employment on August 20, 2000. On December 20, 2000, the New Britain Police Department Pension Board of Trustees held a hearing where both parties argued their positions. On January 10, 2001, after an additional hearing, the Board ruled that the plaintiff was entitled to a pension which it computed in accordance with Agreement II. It rejected the plaintiffs arguments that his rights became fixed under Agreement I and that his years of service and pension were to be computed differently. The City also refused to pay any accrued sick leave. The complaint alleges that the defendant breached the first agreement and in the alternative also breached the second agreement.
In his response to the motion to dismiss, the plaintiff has filed certain additional material, some of which is also contained in the defendant's motion. Among the items included is an affidavit from the president of the New Britain Police Union local president stating that retired members of the department are not employees entitled to avail themselves of the grievance and arbitration procedures set forth in the collective bargaining agreement. In addition, he attaches the October 2000 opinion letter of counsel for the defendant setting forth the arguments on which the Board of Trustees of the Police Benefit Fund subsequently awarded the pension amount.
The defendant has attached by way of affidavit and documents an agreement between the plaintiff and the defendant in May 2000 concerning the position of the Defendant regarding the computation of his pension pay and the steps the plaintiff was to take concerning the allegations which led up to his placement on administrative leave in 1994. It claims that the plaintiff knew the defendant's position concerning the computation of his pension before his separation from employment and CT Page 3796 could and should have employed the collective bargaining agreement grievance process, which it maintains is the exclusive process under the collective bargaining agreement. It also includes documentation supporting all of the various steps before the Pension Trustees alleged in the complaint up to and including its final decision. It further includes an affidavit stating that the plaintiff has not yet completed the necessary paperwork to collect the reduced pension awarded him.
Based on the complaint and the additional material submitted, the plaintiff argues three points, 1) he was not an employee at the time this issue arose, 2) the administrative remedies provisions of the agreements are not intended to be the exclusive remedy for an aggrieved employee, and 3) that his pursuit of such remedies would have been futile. Because the court finds that he was not an employee at the time the final determination concerning the computation of his pension was made, it will not reach the second issue. Because of the affidavit for the union president's affidavit stating it would not represent the plaintiff in any grievance process, the court will briefly address the futility issue.
C. Plaintiffs Status as an Employee
It is undisputed by the parties that the plaintiff separated from employment with the Police Department of the City of New Britain on August 20, 2000. It is also undisputed that the Pension Board made its final decision concerning the plaintiffs pension computation on January to, 2001. Unless the court is to assume that the hearings and arguments of counsel for the parties before the board were meaningless, it was not until January 2001 that the plaintiff had any dispute which could conceivably have been grievable pursuant to the collective bargaining agreements, under either Agreement I or Agreement II. It does not matter that he knew the defendant's position concerning the pension computation in May 2000. Even though he was an inactive employee then, at the time of the final determination, he was not an employee. The union states under oath that it would not have grieved this matter as it does not consider individuals in the Plaintiff's position to be eligible to use the grievance and arbitration process.
Defendant argues that the case of Flynn v. Town of Newington,2 Conn. App. 230 (1984) is distinguishable for the case at bar because Flynn
related to issues of medical benefits which arose after the teacher's retirement in that case. It claims that all of the issues concerning the computation of the pension amount arose in this case before the plaintiffs separation from employment. To the court, this is a distinction without a difference, since the medical issues in Flynn would of necessity have arisen in the first instance pursuant to that plaintiff's employment agreement at the time he retired, even though changes were CT Page 3797 made to it subsequent to his retirement. That is to say, the retired individual can never have a dispute with an employer pursuant to a union agreement without the dispute in a general sense having arisen during the course of the employment. The distinction would in effect completely undo the court's ruling in Flynn. The court in Flynn stated the:
 legal remedies of a pensioner are not wholly prescribed by the collective bargaining agreement itself but by standard contractual principles, including promissory estoppel and third party beneficiary principles. . . . Retirees are not employees for purposes of the National Labor Relations Act, and the union which may have represented then while they were active members of the bargaining unit is under no statutory obligation to represent them in negotiations with their former employer. (internal citations omitted; emphasis added). Flynn at 237.
If all this were not enough, the union would not represent the plaintiff Daniel Phillips if he had sought to bring a grievance. There are serious questions as to whether he was an active employee and therefore a party to the collective bargaining Agreement II in this case. If a court were to find that he was not a party to it, there would indeed by issues of vested contract rights under collective bargaining Agreement I which would be reached and which implicate the court's equitable powers. While there are, as the defendant argues, important policy reasons for the requirement of exhaustion of administrative remedies pursuant to a collective bargaining agreement where an employee is an active member of a union, see Labbe v. Pension Commission of the City of Hartford,229 Conn. 801, 809, (1994), this is not one of such cases.
D. Futility
A recognized exception that has been carved out of the strict requirement of the exhaustion of remedies doctrine is if a party can demonstrate such steps would have been futile. As has been stated aptly, "The law does not require the doing of a useless thing." Corsino v.Grover, 148 Conn. 299, 308, 170 A,2d 267 (1961). While it is clear that more that a suspicion that administrative action would be futile is required, see Fish Unlimited v. Northeast Utilities Service Corporation,254 Conn. 1, 19, 756 A.2d 262 (2000), in this case, such a grievance would need to have been pursued by the union on the plaintiff's behalf. If the union would not have done so in this context for the reasons stated, it would have been a futile gesture.
For the foregoing reasons, the court denies the motion to dismiss and sustains the objection to it. CT Page 3798
BY THE COURT
______________________ Barbara M. Quinn, Judge